# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT JOYNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 3:20-cv-00054-GCS** |
| | ) | |
| **VENERIO SANTOS, and** | ) | |
| **ALFONSO DAVID,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On January 14, 2020, Plaintiff Robert Joyner, who was incarcerated at Shawnee Correctional Center, filed suit pursuant to 42 U.S.C. § 1983 alleging that Defendant Venerio Santos and Defendant Alfonso David were deliberately indifferent to his complaints of pain in various parts of his body and of a bleeding rectum. Now before the Court is Defendant David's motion to dismiss for failure to state a claim. (Doc. 33). Defendant argues that Plaintiff filed suit against him after the expiration of the applicable statute of limitations. The deadline for Plaintiff's response has come and gone, even with an additional 30-day extension of time to respond, and he failed to file a response to

Defendant's motion.[1] For the reasons delineated below, the Court **GRANTS** Defendant David's motion to dismiss.

## FACTUAL BACKGROUND

Pursuant to Local Rule 7.1(c), the failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. Nonetheless, a brief recitation of the facts is of assistance in demonstrating that the exercise of that discretion is appropriate here.

Plaintiff Robert Joyner alleges in his complaint that Defendant David, a doctor, began treating Plaintiff for his throat, chest, and stomach pains shortly after he was transferred to Shawnee Correctional Center in November 2012. (Doc. 1, ¶ 41, 42). Defendant David continued to treat Plaintiff for various medical issues until September 29, 2017. (Doc. 1, ¶ 43-62). On January 24, 2018, Plaintiff was transferred to Centralia Correctional Center, and other doctors took over his medical care. (Doc. 1, ¶ 63).

There are no allegations of treatment by Defendant David after September 29, 2017. Plaintiff filed suit on January 14, 2020, alleging that Defendant David acted with deliberate indifference to his medical needs in such a way as to deprive Plaintiff of necessary and adequate medical care. Defendant David filed a motion to dismiss on July 31, 2020, asserting that Plaintiff fails to state a claim because Plaintiff filed suit nearly

---

[1]     In fact, the Court previously entered a Memorandum & Order on September 11, 2020 granting the motion to dismiss. (Doc. 38). That Order was withdrawn, and the Court allowed Joyner up to and including October 13, 2020 (30 days) to respond to the motion to dismiss. (Doc. 40).

three years after the last alleged deliberate indifferent act, well beyond the two-year statute of limitations period.

## ANALYSIS

A complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 (quoting FED. R. CIV. PROC. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678).

The limitations period for a civil rights claim brought pursuant to 42 U.S.C. § 1983 is determined by the law of the state in which the alleged violation took place. *See Hoagland v. Town Clear Lake, Ind.,* 415 F.3d 693, 699-700 (7th Cir. 2005). In Illinois, where the events in Plaintiff's complaint occurred, that period is two years. *See Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Ongoing violations of the plaintiff's constitutional rights may delay the accrual date under the continuing violation doctrine. *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). However, in a case of an allegedly ongoing injury, the date of accrual is either the

date on which the allegedly unlawful conduct ended or the last day on which the defendant had the power to have an impact on the inmate's medical care. *Id.* at 318.

The events described in Plaintiff's Complaint surrounding Defendant David began in November 2012 and ended on September 19, 2017. On January 24, 2018, Plaintiff was transferred to another facility. From that point forward, other doctors took over Plaintiff's medical care. There are no alleged facts regarding Defendant's medical care for Plaintiff after September 19, 2017. However, Plaintiff did not file suit until January 14, 2020. Due to Plaintiff's failure to respond to Defendant's motion, this Court finds it appropriate to exercise its discretion under Local Rule 7.1(c). This Court interprets Plaintiff's failure to respond to Defendant's motion as an admission of the merits of the motion. As such, Plaintiff's claim accrued as to Defendant David in September 2017, and the statute of limitation lapsed approximately one year and four months before Plaintiff filed suit.

## CONCLUSION

For the above-stated reasons, Defendant David's motion to dismiss is **GRANTED**. Plaintiff Robert Joyner's claims against him are dismissed with prejudice, as they are barred by the applicable statute of limitations. Defendant David shall be terminated as a party to this action.

**IT IS SO ORDERED.**

**Date:  October 28, 2020.**

Digitally signed
by Judge Sison 2
Date: 2020.10.28
10:01:03 -05'00'

_____

**GILBERT C. SISON**
**United States Magistrate Judge**